# EXHIBIT A



1715 AARON BRENNER DR, STE 800
MEMPHIS, TN 38120 | 901.525.6781
EVANSPETREE.COM

May 8, 2026

**VIA FEDEX AND EMAIL**
David Dudley
533 Lake Court Avenue
Lynchburg, Virginia 24502
daviddudley28@gmail.com

Re: **Breach of Confidentiality, Nondisclosure, and Non-Disparagement Agreement dated January 11, 2026**

### Demand to Cease and Desist

Dear Mr. Dudley:

This firm represents DEX Organizer Company, LLC ("DEX") in all matters relating to the Confidentiality, Nondisclosure, and Non-Disparagement Agreement entered into as of January 11, 2026 (the "Agreement") by and among DEX, Fisher Crafts Pty Ltd (d/b/a FC Tomcat Boats), and you.

We write to notify you that DEX has become aware of a public post on your Facebook page (https://www.facebook.com/DavidDudleyFISH/) that constitutes a material breach of your obligations under the Agreement and to demand your immediate compliance as set forth below.

If you are represented by legal counsel in this matter, we ask that you immediately forward this letter to your attorney and provide us with his or her name and contact information so that we may direct all future correspondence accordingly. If you are not represented by counsel, please direct all correspondence regarding this matter to the undersigned.

### The Nondisparagement Provisions of the Agreement

Under Section 3.1 of the Agreement, you agreed that you "will not Disparage any Company Party or any of its or their owners, employees, agents, customers, products, brands, or services," including, without limitation, "statements made in person, by phone, in text, email, direct message, social media posts/comments, podcasts, interviews, public appearances, tournaments, sponsor gatherings, or to other anglers, brands, media outlets, or industry contacts."

The Agreement defines "Disparage" and "Disparagement" broadly to mean "any statement, communication, implication, gesture, post, comment, message, review, or other conduct (public or private, direct or indirect) that could reasonably be expected to harm the reputation, goodwill, or business interests of any Company Party or any of its or their

1

Case 1:26-cv-00141-TRM-MJD    Document 1-1    Filed 05/26/26    Page 2 of 5    PageID #: 18

owners, employees, customers, products, brands, or services, including statements that accuse or imply dishonesty, nonpayment, bad faith, unethical behavior, unsafe products, incompetence, or wrongdoing, whether or not phrased as opinion, insinuation, 'just asking questions,' or 'I heard.'"

Additionally, under Section 3.2, you agreed not to "encourage, solicit, coordinate, or induce others to Disparage a Company Party" or to "'like,' repost, share, retweet, quote-tweet, amplify, or otherwise promote Disparaging content created by others."

## Your Breach

DEX has identified a video post on your Facebook page located at https://www.facebook.com/DavidDudleyFISH/ (and cross-posted to Instagram) that contains statements constituting Disparagement of DEX and/or its products within the meaning of the Agreement. In the video, you identify a DEX Organizer product by name and proceed to make statements portraying the product as a hazard to both equipment and personal safety. Specifically, you state that with the DEX Organization, rod guides "go down below" and that a user could "break your guides, break your rods," warning viewers to "be careful." You further state that if a person "stepped on this", referring to the DEX Organizer, "it would be very high chance that you're going to crack your rods and again maybe twist your ankle or something if you're not careful." These statements, made on prominent social media platforms, identify the DEX Organizer by name and portray it as a product that damages fishing equipment and poses a risk of physical injury to users.

These statements fall squarely within the Agreement's definition of Disparagement because they "could reasonably be expected to harm the reputation, goodwill, or business interests" of DEX and its products, and they accuse or imply "unsafe products" - a category of Disparagement expressly enumerated in Section 1.3 of the Agreement. The video was published on social media, a medium expressly covered by Section 3.1 of the Agreement.

DEX has further identified a video segment from the MLFNOW! Livestream, published on the Major League Fishing website on April 30, 2026[1], in which you again identify the DEX Organizer by name and make additional statements that constitute Disparagement under the Agreement. In that video, you state that the DEX Organizer "is made so you can step on it, but you better be an athletic person," and warn that "if you're not an athletic person...it's pretty dangerous" and that a user "could break your ankle, fall in, say if the water is cold." You further state that "the guides, you got to be careful if you're stepping on it because the guides come up and you can crush your guides," and conclude by "letting [viewers] know the danger of it because you can twist your ankle, you can fall overboard or whatever on this thing." Like the Facebook post described above, these statements identify the DEX Organizer by name on a prominent, public industry platform and portray the product as both dangerous to users and damaging to fishing equipment. The video was published on April 30, 2026 — less than four months after you executed the Agreement. These statements fall squarely within the

---

[1] Major League Fishing, MLFNOW! Livestream, https://majorleaguefishing.com/videos/2305280/ (last accessed May 8, 2026).

2

Agreement's definition of Disparagement, accuse or imply "unsafe products" within the meaning of Section 1.3, and were made through a public appearance and interview with a media outlet of the type expressly enumerated in Section 3.1 of the Agreement.

## Demands

On behalf of DEX, we hereby demand that you take the following actions immediately:

1.    **Cease and Desist.** You must immediately cease and desist from making any further Disparaging statements about DEX, its owners, employees, agents, customers, products, brands, or services, whether on social media or through any other medium, as required by the Agreement.

2.    **Remove the Offending Post.** Pursuant to Section 3.3 of the Agreement, you must promptly remove or cause the removal of the Facebook post and MLFNOW! video identified above and any other content on your social media accounts or elsewhere that violates Section 3 of the Agreement.

3.    **Written Confirmation of Compliance.** You must confirm in writing to this office, no later than **5:00 p.m. Central Time on May 11, 2026**, that you have (a) removed the offending posts and any other Disparaging content, and (b) that you will refrain from any further Disparagement in compliance with the Agreement.

## Remedies DEX Will Pursue

Please be advised that the Agreement expressly provides for significant remedies in the event of breach. Under Section 8.1, you acknowledged that "any breach or threatened breach of this Agreement (including confidentiality, nondisclosure, and non-disparagement) would cause the Company Parties real and substantial damages, including harm to goodwill and reputation, loss of business opportunities, and other damages that may be difficult to quantify."

Under Section 8.2, you agreed that DEX "shall be entitled to immediate injunctive relief, specific performance, and other equitable remedies (without the requirement of posting a bond to the extent permitted by law) in addition to any other rights and remedies available at law or equity."

Under Section 8.3, in any action to enforce the Agreement, "the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs."

If you fail to comply with the demands set forth in this letter by the deadline stated above, DEX is prepared to pursue all available legal remedies without further notice to you, including but not limited to: (a) an action for temporary and permanent injunctive relief in the courts of Tennessee; (b) an award of actual, consequential, and any other damages proximately caused by your breach; and (c) recovery of DEX's reasonable attorneys' fees and costs incurred in enforcing the Agreement. The Agreement is governed by Tennessee law, and venue for any enforcement action shall lie in accordance with its terms.

3


## Reservation of Rights

This letter is not intended to be, and shall not be construed as, a waiver of any of DEX's rights or remedies under the Agreement, at law, or in equity, all of which are expressly reserved. DEX's decision to provide you this opportunity to cure does not limit or waive its right to pursue damages for harm already caused by your breach.

We trust you will treat this matter with the seriousness it warrants.

Very truly yours,

**EVANS PETREE PC**

Brian L. Yoakum

BLY/ksr

4