# EXHIBIT B

# Kelly Reuman

| | |
|---|---|
| **From:** | david dudley <daviddudley28@gmail.com> |
| **Sent:** | Monday, May 11, 2026 3:56 PM |
| **To:** | Kelly Reuman |
| **Subject:** | Re: Breach of Confidentiality, Nondisclosure, and Non-Disparagement Agreement dated 1/11/26- Demand to Cease and Desist |

Dear Kelly

I am writing in response to the allegations that I made disparaging statements regarding Dex Organizer.

I deny that I made any false, defamatory, or legally actionable statements. The statements I made were based on truth, personal observation, and matters of safety. Truth is an absolute defense to any claim of defamation or disparagement.

The video at issue clearly shows the product in its true form. If this matter were ever presented in court, I would have no problem showing examples of rods positioned above the walking base, which is consistent with the manner in which the product has been advertised. Discussing boat safety and warning against stepping on raised items in a boat is not disparagement; it is a truthful statement and a legitimate safety concern. I would advise you make the dangers of the product available to the public on your label. I would also advise you make available to the public that all rods do not conform and are limited to the intended use, as shown in the truthful video. All claims that you are making can be false, as all rods are different in their make and design.

I did not, in any way, shape, or form, make false attacks against Dex Organizer. Speaking truthfully about a product, its placement, and potential safety concerns does not constitute disparagement, defamation, slander, or tortious interference.

It is also my understanding that the agreement is no longer valid or enforceable beyond the effective date stated in the contract, except as it may specifically relate to any agreed use of the boat. My understanding is that my obligation under the contract existed only on the effective date, January 11, and that once that day ended, the agreement was no longer ongoing unless a specific provision clearly extended beyond that date.

Furthermore, discussions between the parties regarding extending boat usage into the 2026 season further demonstrate that the original arrangement was not perpetual in nature and required additional discussion or agreement for any continued obligations beyond the originally contemplated period.

Therefore, I reject any claim that I violated an ongoing contractual obligation or made unlawful disparaging statements. Any attempt to threaten litigation based on truthful statements, safety-related opinions, or statements supported by video evidence is without merit.

Additionally, should this matter proceed into litigation, I intend to fully exercise all discovery rights available to me under applicable law. This would include, but not be limited to, requests for financial statements, accounting records, investment documentation, contracts, communications, internal correspondence, emails, payment records, board meeting minutes, corporate records, legal

documents, and discussions involving Dex Organizer and any affiliated entities or investment firms, as well as any other materials relevant to the claims or defenses in this matter. Included within such discovery, I would also seek all relevant financial records, communications, credit card records, electronically stored information, and other discoverable materials involving Shawn Campbell to the extent permitted under applicable rules of civil procedure and evidentiary standards. I will also seek preservation and production of any evidence that may bear upon the allegations, motives, damages, contractual interpretation, credibility of the parties, or any other relevant issue raised in this dispute.

I also believe it will be necessary to obtain and review relevant emails, text messages, communications, and electronically stored information involving Shawn Campbell, as those communications may be directly relevant to the nature of the interactions between the parties and the allegations being asserted. The repeated threats of litigation and ongoing communications directed toward me have caused significant stress, distraction, and disruption to my ability to focus on my work and professional activities. These circumstances have negatively affected my concentration and ability to perform at my normal level while attempting to earn a living and carry out my daily business activities. Accordingly, I believe such communications and related records may become relevant evidence concerning intent, motive, credibility, damages, and the overall conduct of the parties involved. Damages as of right now have accumulated in excess of $650,000.

With regard to any threats or discussions concerning repossession or removal of the boat prior to the conclusion of the 2026 season, it should be clearly understood that numerous components currently installed on and associated with the boat are my personal property and were purchased, installed, maintained, and owned by me. This includes, but is not limited to, the motor, batteries, wiring, wiring harnesses, electronics, jack plate, axles, tires, and various related equipment and accessories. It is my understanding that Dex Organizer's ownership interest is limited to the hull itself. Any unauthorized attempt to seize, remove, retain, or interfere with my personal property and equipment could result in appropriate legal action and reports to the proper authorities regarding disputed ownership or unlawful possession of property. Additionally, any interruption of my access to the equipment and vessel during the 2026 season could substantially interfere with my ability to perform my work and earn income, potentially resulting in additional claims for damages, lost business opportunities, and financial harm.

Additionally, Dex Organizer remains responsible for payment of the outstanding balance owed to New London Trailer relating to axle work and related services performed on the boat trailer associated with the vessel owned by Dex Organizer. To my understanding, this balance has remained unpaid for more than a year. The owner has sent the bill several times with no payment. I have been advised that continued nonpayment may result in the filing of a mechanic's lien or other lawful collection action against the boat and/or trailer.

Nothing in this response should be interpreted as an admission of liability, wrongdoing, breach of contract, defamation, disparagement, or any other legal violation. I expressly reserve all rights, claims, defenses, and remedies available to me.

Sincerely,


*David Dudley*

252-423-1434
www.daviddudley.com

553 Lake Court Ave,
Lynchburg, VA 24502

On Fri, May 8, 2026, 5:46 PM Kelly Reuman <kreuman@evanspetree.com> wrote:

Dear Mr. David Dudley,

See the attached correspondence regarding the above referenced matter.

Thank you,

Kelly

**Kelly Reuman**
Legal Assistant



Phone: 901.525.6781
kreuman@evanspetree.com | evanspetree.com

 

NOTE: The information transmitted is intended only for the person or entity to which it is addressed and may contain CONFIDENTIAL and/or PRIVILEGED material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you received this in error, please contact the sender and promptly delete the material from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message.