**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

---

**DEX ORGANIZER COMPANY, LLC,**

**Plaintiff,**

**v.** **Case No.: 1:26-cv-00141**

**DAVID DUDLEY,**

**Defendant.**

---

**PLAINTIFF DEX ORGANIZER COMPANY, LLC'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

---

**COMES NOW**, Plaintiff DEX Organizer Company, LLC ("DEX"), by and through undersigned counsel, respectfully submits this Response to the Court's Order to Show Cause (the "Order") (ECF No. 14) and states as follows:

On May 26, 2026, DEX filed its Verified Complaint for Injunctive Relief and Damages against Defendant David Dudley ("Defendant"), asserting claims for Breach of Confidentiality, Nondisclosure, and Non-Disparagement Agreement; Injunctive Relief; Tortious Interference with Business Relations; and Damages (the "Complaint"). (ECF No. 1). On May 27, 2026, a summons was issued directed to Defendant David Dudley at 553 Lake Court Avenue, Lynchburg, Virginia 24502. (ECF No. 5). The summons was received by professional process server Stephanie Newby on May 29, 2026, and on June 1, 2026, Ms. Newby attempted service at the Lynchburg, Virginia address. (ECF No. 8). Upon arrival, Ms. Newby found that the property appeared vacant. (ECF No. 8).

After discovering that the Lynchburg, Virginia address was vacant, DEX promptly undertook efforts to locate Defendant. Upon learning that Defendant may be residing at an

alternate location in Waldoboro, Maine, DEX obtained an alias summons on June 15, 2026, directed to Defendant at 372 Washington Road, Waldoboro, Maine 04572. (ECF Nos. 9, 10). A new professional process server, Andrew Clary, received the alias summons on June 16, 2026. (ECF No. 11). Mr. Clary thereafter made extensive and repeated attempts to serve Defendant at the Waldoboro, Maine address over a period of nearly two weeks. The following is a summary of Mr. Clary's efforts:

i. June 16, 2026, 7:30 PM: No answer at the address.

ii. June 16, 2026, 7:36 PM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant answered and confirmed the address but stated he was "out of town."

iii. June 17, 2026, 11:27 AM: No answer at the address.

iv. June 18, 2026, 10:02 AM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

v. June 18, 2026, 10:04 AM: No answer at the address.

vi. June 20, 2026, 1:26 PM: No answer at the address. Mr. Clary observed a package/mail addressed to Defendant at the address.

vii. June 23, 2026, 7:20 PM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

viii. June 23, 2026, 7:24 PM: No answer at the address.

ix. June 24, 2026, 5:24 AM: Mr. Clary received a text message from Defendant's phone number (ending in 1434).

x. June 24, 2026, 11:50 AM: No answer at the address.

xi. June 25, 2026, 2:19 PM: No answer at the address.

xii. June 26, 2026, 8:27 PM: No answer at the address. Mr. Clary observed mail/packages addressed to Defendant at the address.

xiii. June 27, 2026, 11:00 AM: No answer at the address. Mr. Clary observed mail/packages addressed to Defendant at the address.

(ECF No. 11). In total, Mr. Clarly made twelve in-person visits and multiple phone calls over a period of nearly two weeks, yet Defendant was never present and never made himself available to accept service. (ECF No. 11). During this period, mail and packages addressed to Defendant were consistently observed at the Waldoboro address on multiple dates (June 20, 26, and 27, 2026), confirming that the address was correct and that Defendant was simply not present for service. (ECF No. 11). Nevertheless, DEX continued its efforts. On August 25, 2026, DEX obtained a second alias summons directed to Defendant at 372 Washington Road, Waldoboro, Maine 04572, reflecting its ongoing commitment to effecting service and prosecuting this action. (ECF No. 13).

Under Rule 4(m), the Court must extend the time for service if the plaintiff demonstrates good cause for failing to serve the complaint within ninety (90) days of filing. Fed. R. Civ. P. 4(m). Good cause exists when the plaintiff demonstrates a reasonable, diligent effort to timely effect service of process. *Johnson v. Smith*, 835 Fed. Appx. 114, 115 (6th Cir. 2021). The record establishes that DEX has acted with reasonable diligence from outset. When the Lynchburg, Virginia address proved vacant, DEX promptly investigated, located an alternate address, and obtained an alias summons within two weeks. (ECF Nos. 9, 10). DEX then engaged a professional process server in Maine who conducted twelve-in person visits and multiple phone calls over nearly two weeks. (ECF No. 12). After those efforts were unsuccessful, DEX obtained a second alias summons on August 25, 2026 and continues to pursue service. (ECF No. 13).

Service has been further complicated by Defendant's itinerant professional lifestyle. Defendant is a professional bass fisherman who competes in tournaments throughout the country. Defendant's own statement to the process server that he was "out of town," combined with his persistent unavailability at his confirmed address, is consistent with frequent travel for tournament

competition. This inherent difficulty in locating and serving a defendant who is regularly traveling across the country constitutes an additional factor supporting good cause.

For the foregoing reasons, DEX has demonstrated good cause for its inability to complete service within the time prescribed by Rule 4(m). Beginning the day after filing and continuing without interruption, DEX has pursued service with diligence and persistence by engaging professional process servers in two states, conducting twelve in-person visits and multiple phone calls at Defendant's confirmed address, and obtaining two alias summonses. The delay in completing service is not attributable to any lack of effort by DEX. DEX therefore respectfully requests that the Court find good cause shown, extend the time for service, and permit DEX to continue its efforts to effect service on Defendant.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff DEX Organizer Company, LLC respectfully requests that this Court extend the time for service of the Complaint on Defendant David Dudley to allow it the opportunity to obtain service of process to pursue its claims.

Respectfully submitted,

**EVANS PETREE PC**

*<u>/s/ Brian L. Yoakum</u>*
Brian L. Yoakum (TN Bar No.24811)
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 525-6781
byoakum@evanspetree.com
drobinson@evanspetree.com
*Attorneys for Plaintiff DEX Organizer Company, LLC*