**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

---

**DEX ORGANIZER COMPANY, LLC,**

**Plaintiff,**

**v.** **Case No.: 1:26-cv-00141**

**DAVID DUDLEY,**

**Defendant.**

---

**PLAINTIFF DEX ORGANIZER COMPANY, LLC'S**
**SECOND RESPONSE TO ORDER TO SHOW CAUSE**

---

**COMES NOW**, Plaintiff DEX Organizer Company, LLC ("DEX"), by and through undersigned counsel, submits this Second Response to the Court's Order to Show Cause (ECF No. 14) and Order Extending Time Allowed to Complete Service (ECF No. 16) (the "Extension Order"), and respectfully requests that the Court extend the time for service through and including December 14, 2026. In support thereof, DEX states as follows:

**FACTUAL AND PROCEDURAL HISTORY**

On May 26, 2026, DEX filed its Verified Complaint for Injunctive Relief and Damages against Defendant David Dudley ("Defendant"), asserting claims for Breach of Confidentiality, Nondisclosure, and Non-Disparagement Agreement; Injunctive Relief; Tortious Interference with Business Relations; and Damages (the "Complaint"). (ECF No. 1). On May 27, 2026, a summons was issued directed to Defendant David Dudley at 553 Lake Court Avenue, Lynchburg, Virginia 24502. (ECF No. 5). Professional process server Stephanie Newby received the summons on May 29, 2026, and attempted service on June 1, 2026, but found the property vacant. (ECF No. 8).

DEX promptly worked to locate Defendant. After learning that Defendant may reside in Waldoboro, Maine, DEX obtained an alias summons on June 15, 2026, directed to Defendant at 372 Washington Road, Waldoboro, Maine 04572. (ECF Nos. 9, 10). A new professional process server, Andrew Clary, received the alias summons on June 16, 2026. (ECF No. 11). Over the next twelve days, Mr. Clary made the following attempts:

i. June 16, 2026, 7:30 PM: No answer at the address.

ii. June 16, 2026, 7:36 PM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant answered and confirmed the address but stated he was "out of town."

iii. June 17, 2026, 11:27 AM: No answer at the address.

iv. June 18, 2026, 10:02 AM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

v. June 18, 2026, 10:04 AM: No answer at the address.

vi. June 20, 2026, 1:26 PM: No answer at the address. Mr. Clary observed a package/mail addressed to Defendant at the address.

vii. June 23, 2026, 7:20 PM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

viii. June 23, 2026, 7:24 PM: No answer at the address.

ix. June 24, 2026, 5:24 AM: Mr. Clary received a text message from Defendant's phone number (ending in 1434).

x. June 24, 2026, 11:50 AM: No answer at the address.

xi. June 25, 2026, 2:19 PM: No answer at the address.

xii. June 26, 2026, 8:27 PM: No answer at the address. Mr. Clary observed mail/packages addressed to Defendant at the address.

xiii. June 27, 2026, 11:00 AM: No answer at the address. Mr. Clary observed mail/packages addressed to Defendant at the address.

(ECF No. 11). In total, Mr. Clary made twelve in-person visits and multiple phone calls, but Defendant never made himself available to accept service. (ECF No. 11). Mail and packages addressed to Defendant were observed at the Waldoboro address on June 20, 26, and 27, 2026, confirming that the address was correct. (ECF No. 11). On August 25, 2026, DEX obtained a second alias summons directed to Defendant at 372 Washington Road, Waldoboro, Maine 04572. (ECF No. 13).

The Court thereafter entered its Order to Show Cause. (ECF No. 14). On September 25, 2026, DEX filed its Response, detailing these efforts and explaining that service was further complicated by Defendant's itinerant lifestyle as a professional bass fisherman who competes in tournaments throughout the country. (ECF No. 15). On September 28, 2026, the Court found good cause, extended the time for service, and ordered DEX to serve Defendant and file proof of service on or before October 28, 2026. (ECF No. 16).

Following entry of the Extension Order, Mr. Clary made the following additional attempts at the Waldoboro address under the second alias summons:

i. October 16, 2026, 5:44 PM: No answer at the address. Mr. Clary identified a black 2014 Honda Civic registered to Defendant at the address.

ii. October 16, 2026, 5:46 PM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

iii. October 16, 2026, 6:23 PM: No answer at the address. Mr. Clary again identified the black 2014 Honda Civic registered to Defendant.

iv. October 17, 2026, 1:20 PM: No answer at the address.

v. October 17, 2026, 4:03 PM: Mr. Clary spoke with an individual who identified themselves as the resident and stated that Defendant resides at the address but was not available at that time. Mr. Clary identified the black 2014 Honda Civic registered to Defendant.

vi. October 19, 2026, 11:58 AM: Mr. Clary called Defendant's phone number (ending in 1434). Defendant did not answer.

vii. October 20, 2026, 10:45 AM: No answer at the address. Mr. Clary identified the black 2014 Honda Civic registered to Defendant.

viii. October 22, 2026, 3:36 PM: No answer at the address. Mr. Clary identified a red 2017 RAM 2500 registered to Defendant.

(*See* Exhibit A). Since the Extension Order, Mr. Clary has made six additional in-person visits and two additional phone calls. In all, DEX's process server has made eighteen in-person visits to Defendant's Waldoboro residence, together with multiple phone calls. (ECF No. 15; *see also* Exhibit A).

## LAW AND ARGUMENT

Under Rule 4(m), the Court must extend the time for service if the plaintiff demonstrates good cause for failing to serve the complaint within ninety (90) days of filing. Fed. R. Civ. P. 4(m). Good cause exists when the plaintiff demonstrates a reasonable, diligent effort to timely effect service of process. *Johnson v. Smith*, 835 Fed. Appx. 114, 115 (6th Cir. 2021). A defendant's evasion of service is a recognized basis for an extension. *See City of Harriman, Tenn. v. Hester*, No. 3:22-CV-77-KAC-DCP, 2024 WL 4446987, at *2 (E.D. Tenn. Oct. 8, 2024).

Good cause exists here. DEX has acted with diligence from the outset by engaging professional process servers in two states, obtaining two alias summonses, and causing eighteen in-person attempts of service at Defendant's confirmed residence. The record establishes that Defendant is not merely difficult to locate, but that he is avoiding service. Defendant has confirmed that the Waldoboro address is his residence. (ECF No. 15). Mail and packages addressed to Defendant were observed at the address on three separate dates in June 2026. (ECF No. 15). On October 17, 2026, a resident of the address confirmed to the process server that Defendant resides there. (Exhibit A). On five separate visits, vehicles registered to Defendant were present at the residence, yet no one answered the door or Defendant was not available.

(Exhibit A). Defendant answered the process server's first call in June 2026 and claimed to be out of town, but he has not answered any call from the process server's number since. (ECF No. 15; Exhibit A). Taken together, these facts strongly indicate that Defendant knows he is being sought and is deliberately avoiding service. The failure to complete service is attributable to Defendant's evasion, not to any lack of effort by DEX.

Even if the Court were to find that good cause has not been shown, the Court retains discretion to extend the time for service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). In exercising that discretion, the Court considers:

> (1) whether an extension of time would be well beyond the timely service of process; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred; (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies; (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.* at 569. These factors favor an extension. The requested extension is modest and tied to specific alternative methods of service that DEX can complete promptly. Defendant will suffer no prejudice beyond the inherent burden of defending the suit, and any delay results from his own avoidance of service. The record supports a strong inference that Defendant knows he is being sought for service. DEX has made extensive good faith efforts, including eighteen in-person attempts at Defendant's confirmed residence. Finally, equity does not support rewarding a defendant's evasion of service.

If the extension is granted, DEX will pursue two alternative methods of service. First, DEX will serve Defendant by certified mail, return receipt requested, at 372 Washington Road, Waldoboro, Maine 04572. Rule 4(e)(1) permits service under the law of the state where the district

court is located. Fed. R. Civ. P. 4(e)(1). And, Tennessee permits service by certified mail on defendants outside the state. *See* Tenn. R. Civ. P. 4.05(1)(a); *see also* Tenn. R. Civ. P. 4.04(10). Under Tennessee law, a refusal to accept delivery noted on the return receipt is deemed valid service, and service by mail is complete upon mailing. Tenn. R. Civ. P. 4.05(5). Second, DEX will direct its process server to leave a copy of the summons and Complaint at Defendant's Waldoboro residence with a resident of suitable age and discretion for dwelling service under Rule 4(e)(2)(B). Fed. R. Civ. P. 4(e)(2)(B). Because the record confirms that the Waldoboro address is Defendant's dwelling and that at least one other individual resides there, both methods are well suited to accomplish service despite Defendant's evasion.

## CONCLUSION

DEX has pursued service diligently, and the delay is attributable to Defendant's evasion, not to any lack of effort by DEX. DEX has therefore shown good cause for its inability to complete service within the time set by the Extension Order. Alternatively, the Court should exercise its discretion to extend the deadline through and including December 14, 2026.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff DEX Organizer Company, LLC respectfully requests that this Court extend the time for service of the Complaint on Defendant David Dudley through and including December 14, 2026, to allow it the opportunity to obtain service of process to pursue its claims.

Respectfully submitted,

**EVANS PETREE PC**

/s/ Brian L. Yoakum
Brian L. Yoakum (TN Bar No.24811)
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 525-6781
byoakum@evanspetree.com
drobinson@evanspetree.com
*Attorneys for Plaintiff DEX Organizer Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system this 28th day of October 2026.

/s/ Brian L. Yoakum
Brian L. Yoakum